# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:14-CV-P37-M

**JERMAINE M. SMITH**  PLAINTIFF

**v.**

**JACKIE STRODE et al.**  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jermaine M. Smith, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiff, an inmate at the Warren County Regional Jail (WCRJ), filed a complaint suing in their official capacities WCRJ employees Patt Watt and Jackie Strode. In his complaint, Plaintiff alleges that $65 was taken out of his inmate account. When he grieved the deduction of this money he was told that "they can take my money if they think another inmate had the money placed on my account." He states that he tried to explain that the money was a gift to him and that the "Rules and Rights" that he signed when he entered the facility did not say anything about taking "any money except for fees" and that except for medical fees he does not owe any fees. He states, "I was told by Patt Watt that she has the power given to her by Jackie Strode that she can take money if she suspects a 'scam.'" He states further that Defendant Watt told him

---

[1] Plaintiff originally filed this case in the District Court for the Middle District of Tennessee. That court transferred the case here for venue. *See* DN 4.

that it was a "jail policy that Jackie Strode told her was in place. No such policy is available for inmates to view. . . . If it is a rule/policy that is expected to be adhered to by me/inmates then that should be printed, posted, or at the very least explained to inmates." He continues, "It is cruel and unusual punishment (the 8th Amendment) for them just to take my money." He asks for his $65 to be returned and to have the jail post all rules and policies for inmates to see.

*First motion to amend complaint*

Plaintiff then moved to amend his complaint (DN 8). His motion is **GRANTED**.[2] His amended complaint states that he wishes to add a complaint against Defendant Strode based on the Eighth Amendment. He alleges that Defendant Strode allowed Deputy Misse Edmonds to confiscate and destroy documents he was trying to have weighed by the mail officer for the purpose of mailing them out of the jail. He states that his mail included personal, family, and business names and addresses, legal notes for a case in another court, five complete novels written by him, and notes and outlines for three other novels he is creating. He seeks monetary damages for stress and for lost income from the novels in the amount of $1 million for each of the five completed novels, $500,000 for each of the three incomplete novels, and $250,000 for his stress.

*Second motion to amend complaint (DN 10)*

Plaintiff then filed a second motion to amend his complaint (DN 10). He clarifies that he wishes to add Misse Causey as a Defendant in her individual capacity.[3] He also states that he

---

[2]A plaintiff may amend his complaint once as a matter of course within 21 days of service, and service has not occurred in this case. *See* Fed. R. Civ. P. 15(a)(1).

[3] Plaintiff explains that he has learned that the real name of the person he previously identified as Misse Edmonds is actually Misse Causey.

wishes to sue Defendants Strode and Watt in their individual capacities. He further states that rather than seeking a specific amount of money he wishes to ask for compensatory damages for lost wages and punitive damages.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, absent the opposing party's consent, Plaintiff may not amend his complaint without leave of this Court. Although motions to amend a complaint are "freely" granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), "a district court should deny a motion to amend where the proposed amended complaint could not withstand a Fed. R. Civ. P. 12(b)(6) motion." *Massingill v. Ohio Adult Parole Auth.*, 28 F. App'x 510, 511 (6th Cir. 2002) (citation omitted). In other words, "[a] district court may deny a plaintiff leave to amend his or her complaint . . . when the proposed amendment would be futile." *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

**IT IS ORDERED** that the motion to amend (DN 10) is **GRANTED with respect to** adding that Defendants Strode and Watt are sued in their individual capacities and with respect to the relief requested. Because adding Misse Causey as a Defendant would be futile, as will be explained below, the motion is **DENIED in that respect**.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may,

therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff purports to state a claim under the Eighth Amendment. However, the Eighth Amendment does not protect a prisoner from the type of deprivation of property alleged here. *See Hunter v. Sherman*, 49 F. App'x 611, 612 (6th Cir. 2002) (noting that the plaintiff "[could] not state a claim under the Eighth Amendment for deliberate indifference to the security of his property"). Rather, to state a claim under the Eighth Amendment, an "inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's claim that he has been deprived of his property might instead be cognizable under the Fourteenth Amendment. *See Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005) ("The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law."). However, a due-process claim based on the alleged deprivation or destruction of property by random or unauthorized acts is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Here, Plaintiff's allegations regarding the destruction of his mail are not that it was done

4

pursuant to a policy; instead, it seems to have been a random, one-time occurrence. Where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property not done pursuant to a policy does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*. In order to assert a claim for deprivation of property without due process where the deprivation was not due to a policy, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44; *see also Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Therefore, Plaintiff fails to state a claim for the destruction of his mail. For this reason, adding Misse Causey as a Defendant for the destruction-of-his-mail claim would be futile.

The "adequate post-deprivation remedy" analysis does not apply where the taking was done pursuant to an established state procedure and the lawsuit challenges the procedure itself. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982); *Carmona v. Branstuder*, No. 95-30190, 1995 WL 581807, at *1 (5th Cir. Sept. 18, 1995) (per curiam); *cf. Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (holding prisoner's procedural due-process claim was barred "because, given the record in this case, we cannot say that he was denied his money in accordance with an established state procedure"). Thus, Plaintiff's allegation that his $65 was taken pursuant to jail policy, a policy which Plaintiff has been told exists but that is not available for inmates to see, does not fail to state a claim for a violation of his due-process rights. Therefore, this claim may continue against Defendants Strode and Watt in their individual capacities. Moreover, in alleging that the taking of the money from his account was the result of

5

jail policy, he has alleged that the municipality is responsible for the violation as required for an official-capacity claim. *See Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). Therefore, this claim may continue against Defendants Strode and Watt in their official capacities as well.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claim relating to the destruction of his mail is **DISMISSED**.

The Court will enter a separate Scheduling Order to govern the development of Plaintiff's continuing claims against Defendants Strode and Watt in their individual and official capacities relating to the policy of taking money out of his account without due process based on suspicion of a scam. In allowing those claims to continue, the Court expresses no opinion on their ultimate merit.

Date: April 30, 2014

**Joseph H. McKinley, Jr., Chief Judge**
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Warren County Attorney
4414.009

6